IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAUL CALDERON,<br><br>              Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director N.D.C.S;<br><br>              Respondent. | 4:19CV3073<br><br>MEMORANDUM<br>AND ORDER |

On July 25, 2019, the court reviewed Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254 and determined it was insufficient. The court directed Petitioner to file an amended petition for writ of habeas corpus by August 26, 2019, that is originally signed under penalty of perjury and encouraged Petitioner to use the official Form AO 241. (Filing No. 5.)

On August 12, 2019, Petitioner filed a Motion for Appointment of Counsel and represented that he is in a situation he feels necessitates an attorney's assistance, that he has been unable to obtain counsel on his own, and that he believes "this situation is not normal and may present risk(s)." (Filing No. 6.) Subsequently, on August 28, 2019, Petitioner filed a Motion for Extension of Time seeking an additional 30 days beyond the court's August 26, 2019 deadline to file his amended habeas petition. (Filing No. 7.)

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d

469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

Here, Petitioner has submitted only a one-page, hand-written document that does not clearly indicate the judgment challenged or allege that Petitioner is in custody in violation of the Constitution or federal law. Petitioner's bald assertions that his confinement is "illegal," (filing no. 7), and that he believes his situation is "not normal and may present risk(s)," (filing no. 6), provide absolutely no basis upon which the court may evaluate the complexity of Petitioner's case or his ability to investigate and articulate his claims. Accordingly, upon careful review of the record, the court finds there is no need for the appointment of counsel at this time.

The court will grant Petitioner's request for an extension of time. Petitioner shall have until **September 30, 2019**, to file an amended petition in accordance with the court's previous Memorandum and Order. (*See* Filing No. 5.) **No further extensions shall be granted.** Failure to file an amended petition will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Appointment of Counsel (filing no. 6) is denied without prejudice to reassertion.

2. Petitioner's Motion for Extension of Time (filing no. 7) is granted. **No further extensions shall be granted.**

3. Petitioner shall have until **September 30, 2019**, to file an amended petition in accordance with the court's July 25, 2019 Memorandum and Order (filing no. 5). Petitioner is encouraged to use the official Form AO 241 previously provided to him. To avoid confusion, any document Petitioner sends to the clerk of

the court for filing in this case must clearly display the case number. Failure to file an amended petition will result in dismissal of this matter without further notice.

4.  The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **September 30, 2019**: Check for amended petition.

Dated this 30th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge